IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AAA CLUBS OF AMERICA, INC. and REYNALDO PEREZ,<br><br>Defendants. | Civil Complaint No. |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff The American Automobile Association, Inc., ("AAA") brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Clubs of America, Inc. and Reynaldo Perez (collectively "Defendants"). AAA alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), Florida statute, Fla. Stat. Ann. § 495.131 *et seq.*, and Florida common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and Florida statute, Fla. Stat. Ann. § 495.151 *et seq.*; for trademark cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); and for unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.*  AAA seeks injunctive relief, monetary damages, restitution, and all appropriate relief, including an order enjoining Defendants from using AAA's trademarks in their business name and requiring

Defendants to transfer to AAA the domain names AAACLUBSOFAMERICA.COM, AAACLUBS.COM, AAACLUBS.NET, AAACLUBS.US, and AAACLUBS.XXX (the "Infringing Domain Names").

2. This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendants have used and continue to use the AAA Marks in commerce without authorization and with full knowledge that they are not authorized to use those marks. Specifically, Defendants are using the AAA Marks without authorization in the business name AAA Clubs of America, Inc. and in the Infringing Domain Names, which advertise Defendants' business and provide pornographic content.

3. Defendants' unlawful use of the AAA Marks is likely to cause—and in fact may have already caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4. Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus diluted the distinctive quality of the Marks. Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5. In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and the Infringing Domain Names and have made

unauthorized commercial use of the Marks in Florida and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## THE PARTIES

6. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its over 50 million members with a wide variety of products and services throughout the United States and Canada, including in Florida. AAA's services include discounts, travel, and automobile products and services, financial advice, and insurance and warranty coverage. AAA provides its products and services, including its numerous discount-related services, through the many local AAA member clubs that it endorses.

7. On information and belief, Defendant AAA Clubs of America, Inc. is a corporation organized and existing under the laws of Florida with a principal place of business at 3001 Southwest 3rd Avenue, Miami, Florida 33129.

8. On information and belief, Defendant Reynaldo Perez is the owner/manager of Defendant AAA Clubs of America and resides at 8770 Southwest 72nd Street, Apartment 250, Miami, Florida 33173. On further information and belief, Defendant Perez owns and controls the Infringing Domain Names.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337, and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events giving rise to the

claims occurred in the Southern District of Florida.  On information and belief, the events giving rise to the claims originate in this District because Defendant AAA Clubs of America is a business with its principal location in this District.  In addition, Defendants reside in and do business in this District and therefore are subject to personal jurisdiction in this District.

## FACTS ENTITLING AAA TO RELIEF

### A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks

11.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is largely based upon the quality and reliability of the many products and services it offers through its local AAA Member Clubs.

12.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as a forceful advocate for travel safety and road improvements.  Shortly thereafter, it also became associated with reliable travel-related information.  Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

13.     AAA has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with its products and services.  AAA's efforts include extensive advertising campaigns and promotional efforts along with retaining that goodwill by maintaining its commitment to quality and reliability.

14.     AAA has used the AAA Marks and logo designs in interstate commerce to identify a wide range of products and services for decades.  During that time, the AAA Marks have become famous in the United States and throughout the world in connection with these services.  Only those businesses that are part of AAA's network of approved service providers

are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain excellent reputations for quality, integrity, reliability, and service.

15. AAA and its local clubs have registered many AAA-related domain names and maintain several Internet websites through which AAA members and members of the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").

16. The AAA Websites are created and operated, in part, for purposes of attracting potential members and customers, encouraging their interest in AAA and its local clubs, and offering products and services to customers in the United States.  This objective has been, and continues to be, thwarted to a significant extent, however, because potential AAA members and customers who, in an attempt to reach a website affiliated with or endorsed by AAA, instead reach the unaffiliated websites registered and hosted by the Defendants' Infringing Domain Names.

17. AAA has been selective in permitting businesses and organizations to use the AAA Marks in connection with their products and services, including on the Internet. Businesses and organizations that AAA has permitted to use the AAA Marks (including local AAA Member Clubs) are selected and permitted to do so if, and only if, they maintain excellent reputations for quality, integrity, reliability, and service.

18. As a result of AAA's history and experience providing high quality products and services through the local AAA Member Clubs, and as a result of the continuous and extensive advertising, promotion, and sale of products and services under the AAA Marks,

those trademarks have acquired substantial value and fame in the United States and throughout the World.

19. Further, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high quality and reliable products and services. Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

20. AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 70 of its AAA Marks, which AAA has used since at least 1902 in connection with the broad array of products and services offered to its members. The federal registrations Defendants are violating are:

a) Reg. No. 829,265, for the AAA Mark, used since 1902 in connection with, among other things, membership discount, automobile and transportation related services;

b) Reg. No. 2,158,654, for the AAA Mark & Design used in connection with membership discounted services and travel related services, among others; and

c) Reg. No. 3,316,227, for the AAA Mark & Design, used in connection with automobile club membership.

Copies of the registration certificates for the above marks are available in the United States Patent and Trademark office website: http://www.uspto.gov.

21. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified in paragraph 21, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of

AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.  Pursuant to 15 U.S.C. § 1065, AAA's right to use the AAA Marks identified in paragraphs 20(a) and 20(b) above has become legally incontestable.

22. In addition, AAA has registered the "AAA" mark with the Florida Department of State, Registration No. T06000001358.  Copies of the registration certificate for this mark are available in the Florida Department of State website:  http//sunbiz.org/search.html.

23. Plaintiff's AAA Marks are famous and distinctive, and they are entitled to a broad scope of protection.

    **B.**    **Defendants' Unlawful Use of Plaintiff's AAA Marks**

24. Defendants are in the adult entertainment business.

25. AAA first discovered Defendants on or around  December 21, 2011, when Defendant Perez filed U.S. Trademark Application Serial No. 85489511 with the USPTO in an attempt to register the mark AAA CLUBS OF AMERICA for use in connection with "administration of a discount program for enabling participants to obtain discounts on goods and services through use of a discount membership card."

26. Shortly thereafter, AAA discovered that Defendants had also registered and were using the domain names AAACLUBS.COM and AAACLUBS.NET.  At that time, the domains hosted a website that announced the anticipated March 2012 launch of a single website, AAAClubs.com, that purported to "revolutionize the social and entertainment world by providing you a central location to meet, chat, live stream (in Real Time) play music, watch videos, buy event tickets and take advantage of special promotions and discounts."

27. AAA contacted Defendants in January 2012 to demand that Defendants withdraw the AAA CLUBS OF AMERICA trademark application and discontinue all other uses of the AAA Marks, including in connection with Defendants' business name and the domains AAACLUBS.COM and AAACLUBS.NET.

28. Defendants appeared to acquiesce in March 2012, when they altered their website and began promoting themselves as offering entertainment promotion services, with plans to "revolutionize the social networking and entertainment industry."

29. Thereafter, Defendants abandoned their trademark application when they failed to respond to an Office Action refusing registration on the ground, among others, that Defendants' AAA CLUBS OF AMERICA trademark was likely to be confused with longstanding AAA Marks, including Reg. Nos. 829,265 and 3,316,227.

30. Then, in December 2012, AAA discovered that Defendants had transitioned to the business of online pornography.

31. AAA later learned that Defendants had also expanded their portfolio of infringing AAA-related domain names to include AAACLUBS.XXX, a pornographic website, and are using the domain names AAACLUBS.US AAACLUBS.COM, and AAACLUBS.NET to advertise and link to that website.

32. AAA has made plain its concern about all uses by Defendants of the AAA Marks, and AAA is especially concerned that Defendants' latest business will dilute the distinctive quality of Plaintiff's AAA Marks by tarnishing AAA's reputation.

33. On information and belief, Defendants have at all times known that their use of the AAA Marks violates AAA's rights in its famous and distinctive AAA Marks and is

likely to confuse consumers and to cause them to believe, erroneously, that Defendants' services are associated or affiliated with, or sponsored by, AAA.

34. On information and belief, at the time Defendants have at all times known, or had reason to know, of AAA's rights in the AAA Marks, and that they have at all times known, or had reason to know, that those marks are famous and valuable.

35. On information and belief, Defendants registered the Infringing Domain Names with the willful intent to divert Internet traffic from AAA's own websites and to confuse consumers attempting to reach a genuine AAA website and to learn about or obtain AAA-endorsed or AAA-affiliated products or services. On further information and belief, consumers have become, or are likely to become, frustrated or offended by content associated with the Infringing Domain Names as they attempt to reach a genuine AAA website and to learn about or obtain AAA-endorsed or AAA-affiliated products or services.

36. On information and belief, Defendants knowingly and for profit has used the AAA Marks in Defendants' business name and registered the Infringing Domain Names (hereinafter referred to collectively as "Infringing Uses") to attract consumers, knowing that consumers will wrongly believe that such uses are sponsored or endorsed by, or associated or affiliated with, AAA and indeed such uses already may have caused confusion among consumers.

37. Defendants' Infringing Uses have damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

38. Defendants' Infringing Uses have lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA under the AAA Marks and, thus, dilute the

distinctive quality of Plaintiff's AAA Marks.  More specifically, Defendants' unauthorized use of the AAA Marks to provide and promote pornographic content dilutes the distinctive quality of Plaintiff's AAA Marks by tarnishing AAA's reputation.

39. Defendants' unlawful conduct as set forth herein was and continues to be willful, deliberate, and in bad faith.

40. For the foregoing reasons, Defendants' Infringing Uses have caused, and likely will continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act)

41. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

42. The Infringing Uses violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, because they constitute willful and deliberate uses in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA trademarks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

43. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

44. These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

45. On information and belief, Defendants have received revenues and profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT II
### (Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

46. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

47. Defendants' Infringing Uses violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that likely caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants. This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

48. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

49. Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

50. On information and belief, Defendants have received revenues and profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT III
### (Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)

51. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

52. Defendants' Infringing Uses violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such uses, which commenced after Plaintiff's AAA Marks became famous, have diluted and continue to dilute the AAA Marks by tarnishing the good reputation

associated with the AAA Marks and seek to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

53. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

54. Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

## COUNT IV
**(Federal Trademark Cyberpiracy in Violation of Section 43(d) of the Lanham Act)**

55. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

56. Defendants' unauthorized registration and use of the Infringing Domain Names violates AAA's rights under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because: (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under the Lanham Act, 15 U.S.C. §§ 43(a), (c) and (d); (ii) Defendants have registered, trafficked in, and/or used the Infringing Domain Names with a bad faith intent to profit from AAA's already famous and distinctive AAA Marks; (iii) the Infringing Domain Names are confusingly similar to Plaintiff's AAA trademarks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of registration of the Infringing Domain Names.

57. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

58. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined,

Defendants will continue to use the AAA Marks and Infringing Domain Names, further injuring AAA and confusing the public.

59. On information and belief, Defendants have received revenues and profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT V
### (Trademark Infringement in Violation of Section 495.131 of the Florida Code)

60. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

61. Defendants' acts violate Section 495.131 of the Florida Code, Fla. Stat. Ann. § 495.131 *et seq.* The Infringing Uses constitute unconsented copies or colorable imitations of a Florida Mark offering sale or advertising services in a manner likely to cause confusion or mistake as to the source or origin of the services.

62. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

63. Defendants' violation of Section 495.131 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

64. On information and belief, Defendants have received revenues and profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT VI
### (Trademark Dilution in Violation of the Florida Code)

65. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

66. Defendants' acts violate Section 495.151 of the Florida Code, Fla. Stat. Ann. § 495.151 *et seq.* Defendants' Infringing Uses are intended to derive a commercial benefit from AAA's already famous and distinctive Marks, causing a likelihood of injury to AAA's business reputation and a dilution of the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

67. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

68. Defendants' violation of Section 495.151 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VII
**(Unfair Competition in Violation of the Florida Deceptive and Unfair Trade Practices Act)**

69. AAA repeats and realleges the allegations set forth in paragraphs 1-40 above.

70. The foregoing acts of Defendants violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* The Infringing Uses have caused, and continue to cause, a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of services provided.

71. Members of the general public are likely to be confused as to whether Defendants are affiliated with AAA. This conduct has had, and will continue to have, an adverse effect on AAA and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist. As a direct and proximate result of Defendants' unfair trade practices, members of the general public have mistakenly believed, and will continue to

mistakenly believe, that Defendants' businesses, and the services provided by Defendants, are approved or endorsed by, or otherwise affiliated with, AAA.

72.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

73.     AAA and the general public have been, and continue to be, irreparably damaged by the violation of this statute, and AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

## PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

74.     Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

(1)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

(2)     Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or their business or

services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

75. Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

76. Require Defendants to cancel their registration for the Infringing Domain Names and any other domain names in their control that contain "AAA";

77. Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or State trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

78. Require Defendants to cancel or amend any business name registration or application that contains the AAA Marks, or any other confusingly similar name, logo or mark;

79. Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

80. Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

81. Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks;

82. Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Florida law;

83. Award AAA statutory damages in the amount of $100,000 per Infringing Domain Name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

84. Award prejudgment interest on all liquidated sums; and

85. Award such other and further relief as the Court deems just and proper.

January 30, 2013

Respectfully submitted,

**AKERMAN SENTERFITT**
Sun Trust International Center, 25th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-56
Fax: (305) 374-5095


By:   s/Samantha J. Kavanaugh
        Samantha J. Kavanaugh, Esq.
        Florida Bar No.: 0194662
        Primary E-mail: samantha.kavanaugh@akerman.com
        Secondary E-mail: kelly.connolly@akerman.com

*Attorneys for Plaintiff, The American Automobile Association, Inc.*

OF COUNSEL:
Neil K. Roman
Hope Hamilton
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-6000